1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7               FOR THE DISTRICT OF ARIZONA

8

Kenneth Clyde Grindley,                    )      No.  CV-14-00363-PHX-SPL
9                                          )
                    Petitioner,            )
10                                         )      **ORDER**
vs.                                        )
11                                         )
                                           )
Charles L. Ryan, et al.,                   )
12                                         )
                    Respondents.           )
13                                         )
                                           )
14 _____    )

15          Petitioner Kenneth Clyde Grindley, who is confined in the Arizona State Prison

16   Complex-Florence, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28

17   U.S.C. § 2254 (Doc. 1). The Honorable Michelle H. Burns, United States Magistrate

18   Judge, issued a Report and Recommendation ("R&R") (Doc. 20), recommending that the

19   petition be denied, and Petitioner objected to the R&R (Doc. 23). For the following

20   reasons, the Court accepts and adopts the R&R, and denies the petition.

21   **I.       Background**

22          In 1994, Petitioner was indicted in the Maricopa County Superior Court, Case No.

23   CR 94-09172, of two counts of aggravated assault of peace officers, both dangerous

24   offenses. (Doc. 16-1, Exh. A.)[1] Petitioner was convicted by a jury, but that conviction

25   was subsequently reversed on appeal. (Doc. 16-1, Exhs. D, M.) Petitioner was tried again

26   and convicted of one count of aggravated assault on October 16, 1997. He was sentenced

27

28   _____
     [1]     The Court assumes the parties' familiarity with underlying facts of conviction
     which, for the reasons below, need not be reached on habeas review.

to an aggravated 28-year term of imprisonment on November 17, 1997. (Doc. 16-1, Exhs. Q-T.)[2]

On February 24, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus in federal court, raising two claims for relief. (Doc. 1.) Respondents filed an Answer (Doc. 16) in which they argue that the petition should be dismissed as untimely, and alternatively, that Petitioner's claims are procedurally defaulted and barred from federal habeas corpus review.

**II.    Standard of Review**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See id.;* Fed. R. Civ. P. 72(b)(3); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  However, a petitioner is not entitled as of right to *de novo* review of evidence and arguments raised for the first time in an objection to the R&R, and whether the Court considers the new facts and arguments presented is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

**III.    Discussion**

Having reviewed the objected to recommendations *de novo*, the Court finds that the Magistrate Judge correctly concluded that Petitioner's claims are time-barred.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3] 28 U.S.C. § 2244.

---

[2]    The trial court sentenced Petitioner to serve the 28-year term consecutive to any sentence currently being served (Doc. 16-1, Doc. T), which included a sentence of 10.5 year term of imprisonment received following an unrelated conviction in 1996 in Maricopa County Superior Court Case No. CR 95-00235. (Doc. 16-1, Exhs. I, J.) Petitioner does not challenge that conviction here.

[3]    The AEDPA applies to federal habeas petitions filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

The AEDPA imposes a 1-year statute of limitations in which "a person in custody pursuant to the judgment of a State court" can file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

### A.    Commencement of Limitations Period

Following a timely direct appeal, on January 29, 1999, the Arizona Court of Appeals issued a mandate affirming Petitioner's 1997 conviction and sentence. (Doc. 16-1, Exh. Y.) Petitioner sought review by the Arizona Supreme Court, which was summarily denied on September 3, 1999. (Doc. 16-1, Exh. X.) Therefore, Petitioner's judgment became final on December 2, 1999, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Porter v. Ollison*, 620 F.3d 952, 958-959 (9th Cir. 2010) ("When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court."). Therefore, absent any tolling, the one-year limitations period would have commenced the following day. *See* 28 U.S.C. § 2244(d)(1)(A) (the 1-year limitations period runs from the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review).

### B.    Statutory Tolling of Limitations Period

Petitioner properly filed a notice of post-conviction relief on September 24, 1999, which statutorily tolled the limitations period pursuant to 28 U.S.C. § 2244(d)(2). (Doc. 16-1, Exh. Z, AA, EE.)  Petitioner's post-conviction relief proceedings remained pending until July 17, 2001, when the Arizona Court of Appeals denied review of the trial court's dismissal of his post-conviction relief petition. (Doc. 16-1, Exhs. BB, CC and II.). Petitioner did not seek review of that ruling, and the limitations period therefore began to run the following day, expiring one year later on July 18, 2002. Approximately ten years later, Petitioner filed subsequent notices for post-conviction relief. (Doc. 16-1, Exhs. DD-GG.) Because those proceedings were commenced well after the limitations period had

expired, they did not revive and toll the limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after the expiration of AEDPA's one-year period does not revive a limitations period that ended before state petition was filed).

### C.     Equitable Tolling of Limitations Period

The Magistrate Judge correctly found that Petitioner is not entitled to equitable tolling of the limitations period. Petitioner generally objects to the reasonableness of his sentence, but does not show that circumstances existed which prevented him from timely filing a federal habeas petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" his federal habeas petition) (internal quotations omitted). Therefore, because the instant habeas petition was not filed until 2014, more than a decade after the limitations period expired, and is not entitled to equitable tolling, Petitioner's claims are untimely.

### D.     Exception to the Limitations Period

Lastly, Petitioner does not demonstrate that the "fundamental miscarriage of justice exception" is applicable and compels review of his time-barred claims. "[A]n actual-innocence gateway claim" may serve as an exception to AEDPA's limitations period.  *McQuiggin v. Perkins*, 569 U.S. __, 133 S. Ct. 1924, 1928 (2013) (adopting *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), holding actual innocence is an exception to procedurally defaulted claims). This "fundamental miscarriage of justice exception" is applied in rare instances, and a "tenable actual-innocence gateway" claim will not be found unless the petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup*, 513 U.S. at 329).  "To be credible,

such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. *See also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011); *McQuiggin*, 133 S. Ct. at 1927 (explaining the significance of an "[u]nexplained delay in presenting new evidence").

Petitioner objects to the R&R on the basis that the fundamental miscarriage of justice exception entitles him to have the merits of his petition considered. He argues that when the trial court sentenced him to a consecutive, rather than concurrent, term of imprisonment, the terms of his 1996 plea agreement were breached, constituting plain error and justifying relief. While Petitioner's arguments may challenge the inherent fairness of his sentence and the constitutional adequacy of the procedures that led to it, he does not argue or point to evidence of actual, factual innocence. Therefore, Petitioner has not shown that there is evidence of actual innocence such that the fundamental miscarriage of justice exception entitles him to review of his time-barred claims.

**IV.    Conclusion**

Having reviewed the record as a whole, and finding Petitioner's objections are without merit, the R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1.     That Magistrate Judge Burn's Report and Recommendation (Doc. 20) is **accepted** and **adopted** by the Court;

2.     That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**;

3.     That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

///

///

5

1    4.      That the Clerk of Court shall **terminate** this action.

2    Dated this 30th day of October, 2015.

_____
Honorable Steven P. Logan
United States District Judge